UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| RUMBLEON, INC., <br><br> Petitioner, <br><br> v. <br><br> MARK TKACH, as Sellers' Representative under the Merger Agreement, <br><br> Respondent. | CASE NO.  3:22-cv-453 |

## PETITION PURSUANT TO SECTION 5 OF THE FEDERAL ARBITRATION ACT

Petitioner RumbleOn, Inc. ("RumbleOn"), files this petition against Respondent Mark Tkach, in his capacity as Seller's Representative ("Sellers' Representative") under a Plan of Merger and Equity Purchase Agreement, dated March 12, 2021 (as amended, the "Merger Agreement").  This petition is brought pursuant to Section 5 of the Federal Arbitration Act, 9 U.S.C. § 5, to request that this Honorable Court appoint Independent Accountants, pursuant to the Merger Agreement, in order to resolve the parties' differences regarding the amount of a post-closing adjustment under the parties' Merger Agreement.  In support, RumbleOn respectfully states as follows:

1.     RumbleOn is a corporation incorporated under the laws of the State of Nevada, with its principal place of business located in this District in Irving, Texas.  RumbleOn is a public company with its stock traded on the Nasdaq.  RumbleOn is the nation's largest retailer of powersports vehicles and first omnichannel customer experience in powersports.

2.     The Sellers' Representative is an individual who is a citizen of Florida.

3.     On or about March 12, 2021, RumbleOn, Tkach, both individually and as Sellers' Representative, and other parties entered into the Merger Agreement.  The Merger Agreement

62159582;9

(without schedules or exhibits) is attached hereto as **Exhibit A**.  Pursuant to the Merger Agreement, Tkach was appointed as "Sellers' Representative."[1]  In that role, the Sellers' Representative has certain responsibilities, including with regard to the selection of Independent Accountants that is the subject of this Petition.

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000 and Petitioner is a citizen of Texas and Nevada, and Respondent is a citizen of Florida.

5. This Court also has jurisdiction pursuant to 28 U.S.C. § 1331 because this cause of action arises under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq.

6. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in this District.  RumbleOn engaged in extensive negotiations of the Merger Agreement from its offices in Irving, Texas.

7. Moreover, in Section 11.1 of the Merger Agreement, the parties consented to jurisdiction and venue in any of the "Federal Courts of the United States of America."

8. The Sellers' Representative agreed to settle certain matters under the Merger Agreement.  RumbleOn has attempted to institute the selection of Independent Accountants pursuant to the terms of the Merger Agreement, but the Sellers' Representative refuses to cooperate and agree on Independent Accountants to be appointed, thereby necessitating Court intervention.

9. The transactions contemplated by the Merger Agreement were consummated on August 31, 2021.  However, under the terms of the Merger Agreement, the parties agreed to

---

[1] Capitalized terms used herein but not otherwise defined have the meanings given them in the Merger Agreement.

62159582;9

finalize certain purchase price adjustments post-closing, requiring a final calculation of net working capital and indebtedness.

10. Specifically, Section 3.3(a) of the Merger Agreement provides that, within 90 days of the Closing Date, RumbleOn was to provide a Post-Closing Adjustment Statement setting forth its calculation of Closing Indebtedness, the Closing Indebtedness Adjustment, Closing NWC (net working capital), and the Net Working Capital Adjustment. RumbleOn did so, and provided the Sellers' Representative with the Post-Closing Adjustment Statement on November 29, 2021.

11. Pursuant to Section 3.3(c) of the Merger Agreement, the Sellers' Representative then had thirty days to review the Post-Closing Adjustment Statement and state his agreement or disagreement with it. The Sellers' Representative provided a Statement of Objections on December 28, 2021.

12. The difference in position between RumbleOn's Post-Closing Adjustment Statement and the Sellers' Representative's Statement of Objections is in excess of $75,000.

13. Next, pursuant to Section 3.3(d) of the Merger Agreement, the parties had thirty days to attempt to negotiate in good faith to resolve the objections to the Post-Closing Adjustment Statement. After the expiration of the thirty-day period following the Sellers' Representative's providing his Statement of Objections, the parties did not reach agreement.

14. As a result, pursuant to Section 3.3(e) of the Merger Agreement, all amounts remaining in dispute (the "Disputed Amounts") are contractually required to be presented to an independent accountant to resolve them. Section 3.3(e) provides that the Disputed Amounts are to be submitted to the Moss Adams accounting firm in its Phoenix, Arizona office.

15. Initially, Moss Adams advised the parties that it could not accept the appointment under the Merger Agreement. Several weeks later, Moss Adams indicated to the Sellers'

Representative's counsel, in an *ex parte* communication in violation of Section 3.3(e) of the Merger Agreement, that it could possibly serve as the Independent Accountants; however the proposed accountants from Moss Adams were not from the Phoenix, Arizona office as required by the Merger Agreement.

16. Additionally, the Sellers' Representative and his counsel, directly and/or through third parties, engaged in *ex parte* communications with Moss Adams in violation of Section 3.3(e) of the Merger Agreement. Thus, even if Moss Adams had accountants in its Phoenix, Arizona office that were available to serve, given the *ex parte* communications, it now cannot serve as Independent Accountants.

17. The Merger Agreement contemplated the possible unavailability of Moss Adams, and provides in Section 3.3(e) that "if such firm is unable to serve [RumbleOn] and the Sellers' Representative shall appoint by mutual agreement another independent, nationally recognized firm of certified public accountants (the 'Independent Accountants')" to resolve the Disputed Amounts.

18. RumbleOn has proposed that it would agree to any of five different "independent nationally recognized firm[s] of certified public accountants" to serve as the Independent Accountants: (1) Deloitte, (2) Ernst & Young, (3) KPMG, (4) PricewaterhouseCoopers, or (5) RSM McGladrey. Each of these accounting firms has extensive experience with post-closing merger adjustments of the sort contained in the Merger Agreement, which are common in large M&A transactions like this one, as well as the Generally Accepted Accounting Principles, PCAOB requirements, and public company accounting rules and guidelines that apply to transactions of the sort contemplated by the Merger Agreement. RumbleOn remains agreeable to the appointment of any of the five (5) accounting firms set forth above, subject to such firm's availability to act as Independent Accountants, and subject to any conflicts such firm may have with either party.

19. To date, the Sellers' Representative has steadfastly refused to agree to the appointment of one of these nationally recognized firms as the Independent Accountants.

20. Section 5 of the FAA provides as follows:

> If in the agreement provision be made for a method of naming or appointing an arbitrator or arbitrators or an umpire, such method shall be followed; but if no method be provided therein, or if a method be provided and any party thereto shall fail to avail himself of such method, or if for any other reason there shall be a lapse in the naming of an arbitrator or arbitrators or umpire, or in filling a vacancy, then upon the application of either party to the controversy the court shall designate and appoint an arbitrator or arbitrators or umpire, as the case may require, who shall act under the said agreement with the same force and effect as if he or they had been specifically named therein; and unless otherwise provided in the agreement the arbitration shall be by a single arbitrator.

21. Pursuant to Section 5 of the FAA, this Court has the power to appoint the Independent Accountants because the parties have been unable to agree on the appointment under the Merger Agreement. The Merger Agreement requires that the Independent Accountant be an "independent nationally recognized firm[s] of certified public accountants."

22. Due to potential conflict issues or other issues that could potentially affect their ability to perform, RumbleOn respectfully requests that this Court appoint any three (3) of the five (5) accounting firms set forth above in paragraph 18 as the Independent Accountants, subject to such firm's availability to act as Independent Accountants, and subject to any conflicts such firm may have with either party. All of the accounting firms set forth above are nationally recognized and each clearly qualifies as Independent Accountants.

**WHEREFORE,** RumbleOn respectfully requests that this Court:

a. Issue an order appointing Independent Accountants pursuant to 9 U.S.C. § 5; and

b. Award RumbleOn such other and further relief as this Court deems just and proper.

Dated: February 24, 2022

Respectfully submitted,

**AKERMAN LLP**

*/s/ C. Bryce Benson*
C. Bryce Benson (Texas Bar No. 24031736)
bryce.benson@akerman.com
2001 Ross Avenue, Suite 3600
Dallas, TX  75201
(214) 720-4300 Telephone
(214) 981-9339 Facsimile

-and-

**AKERMAN LLP**
Brian P. Miller (Fla. Bar No. 0980633)
brian.miller@akerman.com
p*ro hac vice application forthcoming*
Three Brickell City Centre
98 Southeast Seventh Street, Suite 1100
Miami, FL  33131
(305) 374-5600 Telephone
(305) 374-5095 Facsimile

***Counsel for RumbleOn, Inc.***

6